## MACKLOT & CORBIN v. HART et al.

1. SERVICE OF NOTICE: PRESUMPTION. Where the return of a sheriff on an original notice shows that "the defendant was not found" it will be presumed that he could not be found in the bailiwick of the officer making such return.

2. SAME. The same presumption will obtain in favor of a return made by a person not a party, when properly proven, especially if the return shows further that a copy of such notice was left at the defendant's usual place of residence.

*Appeal from Scott District Court.*

SATURDAY, DECEMBER 7.

ACTION on a promissory note. The error assigned relates to the sufficiency of the service of notice, and is fully stated in the opinion of the court.

*Cotton* and *Cook* for the appellants, relied upon *Chittenden & Co.* v. *Hobbs et al.*, 9 Iowa 417; *Davis* v. *Burt et al.*, 7 Ib. 56; *Converse Adm.* v. *Warren*, 4 Ib. 158.

*Corbin, Dow & Brown* for the appellee.

BALDWIN J.—The service of the original notice was made upon the appellant, John Hart, by leaving a copy with a member of his family, the said defendant not being found. This action was commenced since the taking effect of the Revision of 1860. Under the provisions of § 2886, where the defendant is not found within the county of his residence, the notice can be served by leaving a copy with some member of his family over fourteen years of age.

The return on the notice in this cause shows that the " defendant was not found," and a copy was left, &c.

It is maintained by the appellant, that the return should show that the defendant was not found in the county of his residence, before service could be made by leaving a copy. The service was not made by the sheriff, but was proven by the affidavit of the person who made the same. A return of "not found" by a sheriff would raise a sufficient presumption that the defendant could not be found within his bailiwick.

The return in this case shows that the notice was left at the usual place of defendant's residence naming the town and county. A man's usual place of residence is of course within the county of his residence, and if not found at the former he is not to be found at the latter. If the whole return shows a substantial compliance with the statute, it is sufficient, and it is not necessary to use the exact language of the statute. The same presumptions arise in favor of a return made by a person not a party, when properly proven, as in favor of the return of a sheriff. Taking the whole of the return in this case there is sufficient to show

that the defendant could not be found in the county of his residence, and the notice was then properly left with a member of his family.

Affirmed.